```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACINTO RIVERA,<br><br>      Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>      Defendants. | 23-CV-1448 (VEC)<br><br><u>TRANSFER ORDER</u> |

VALERIE CAPRONI, United States District Judge:

Plaintiff Jacinto Rivera, of Brooklyn, New York, brings this *pro se* action invoking various federal criminal and civil statutes, and seeking damages. He sues: (1) the United States (including the United States Government, various federal agencies, "the Biden-Harris Administration," the United States House of Representatives, and the United States Senate); (2) President Joseph R. Biden; (3) Vice President Kamala Harris; (4) the City of New York; and (5) the State of New York.[1] The Court construes Plaintiff's claims as brought under the Federal Tort Claims Act ("FTCA"); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and 42 U.S.C. §§ 405(g), 1383(c)(3), and 1983. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

<b>DISCUSSION</b>

**A. FTCA**

The Court understands Plaintiff's claims for damages against the United States, the United States Government, various federal agencies, "the Biden-Harris Administration," the United States House of Representatives, and the United States Senate as brought under the

---

[1] Plaintiff has paid the fees to bring this action.

FTCA. *See* 28 U.S.C. §§ 1346(b)(1), 2680. The FTCA provides for a waiver of sovereign immunity from suit for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See id.* "The proper defendant in an FTCA claim is the United States. . . ." *Holliday v. Augustine*, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

The relevant venue provision for claims brought under the FTCA provides that: "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Brooklyn, New York, which lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff does not specify where the events that are the bases for his claims under the FTCA have occurred. The Court reads the complaint, however, to allege that those events occurred in Brooklyn, where Plaintiff resides, which is in the Eastern District of New York. *See id.* Thus, the United States District Court for the Eastern District of New York, not this Court, is the proper venue for those claims.

**B.** ***Bivens* and 42 U.S.C. § 1983**

The Court construes Plaintiff's claims against the President and Vice President as being brought under *Bivens*, and Plaintiff's claims against the State of New York and the City of New York as brought under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (explaining the nature of a claim brought under Section 1983); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (same as to a claim brought under *Bivens*). The applicable venue provision for such claims is found at 28 U.S.C. § 1391(b), which provides that a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district

2

>in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district in which the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district in which it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that the President and Vice President both reside in Washington, D.C. (ECF 1, at 1-2.) Thus, under Section 1391(b)(1), the United States District Court for the District of Columbia is a proper venue for Plaintiff's claims under *Bivens*. *See* 28 U.S.C. § 88 (the District of Columbia is comprised of one federal judicial district). The State of New York resides in this judicial district and in every other federal judicial district within the State of New York. *See* 28 U.S.C. §112. The City of New York resides in this judicial district and in the Eastern District of New York. *See* § 112(b), (c). Thus, under Section 1391(b)(1), this Court and the Eastern District of New York (as well as the other federal district courts within the State of New York) are proper venues for Plaintiff's claims under Section 1983. In addition, as discussed above in the context of Plaintiff's claims under the FTCA, because the Court construes Plaintiff's complaint as alleging that the underlying events about which Plaintiff is suing occurred in Brooklyn, the Eastern District of New York is also a proper venue for such claims under Section 1391(b)(2).

C.     **42 U.S.C. §§ 405(g) and 1383(c)(3)**

The Court understands Plaintiff's complaint to be asserting claims for judicial review, pursuant to 42 U.S.C. §§ 405(g) and/or 1383(c)(3), of the Commissioner of Social Security's

3

decision regarding Plaintiff's application for Social Security benefits. Such claims must be brought against the Commissioner of Social Security in one of the following venues:

> the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

§ 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

Plaintiff does not allege that he has his principal place of business within this judicial district. Thus, the only proper venue for Plaintiff's claims under Sections 405(g) and/or 1383(c)(3) is the Eastern District of New York, the district in which he resides.

**D.     Transfer of Plaintiff's Action**

   **1.   28 U.S.C. § 1406(a)**

Pursuant to 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, the proper venue for Plaintiff's claims under the FTCA and for his Social Security claims is the Eastern District of New York. Plaintiff's claims under *Bivens* are properly venued in the District of Columbia and the Eastern District of New York. Accordingly, in the interest of justice, the Court transfers Plaintiff's claims under the FTCA, Sections 405(g) and/or 1383(c)(3), and *Bivens* to the Eastern District of New York.

   **2.   28 U.S.C. § 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other federal district court where it might have been

brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

While this Court may be a proper venue for Plaintiff's claims under Section 1983, having considered all of the factors enumerated above, transfer pursuant to Section 1404(a) is appropriate for those claims. As discussed above, Plaintiff resides in the Eastern District of New York, and it appears that the events giving rise to Plaintiff's claims under Section 1983 occurred there. Thus, it is reasonable to expect that relevant documents and witnesses would also be located there. The Eastern District of New York appears to be a more convenient forum for Plaintiff's claims under Section 1983. Accordingly, the Court transfers those claims to the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court respectfully directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York, 28 U.S.C. §§ 1404(a), 1406(a), and to close the case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 7, 2023
         New York, New York

_____
VALERIE CAPRONI
United States District Judge