**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

JACINTO RIVERA,

Plaintiff,

-against-

UNITED STATES, *et al.*

Defendants.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
23-CV-2035 (OEM) (MMH)

**ORELIA E. MERCHANT, United States District Judge:**

Plaintiff Jacinto Rivera, ("Rivera"), appearing *pro se,* filed a complaint against federal, state, and local governmental entities (together, "Defendants")[1] airing his grievances. This is not the first time Rivera has raised essentially the same claims against many of the Defendants named here.

For the reasons that follow, the case is **DISMISSED** for lack of subject matter jurisdiction. Rivera is warned that any further filings in this district against any of the Defendants named in this action must be accompanied by a copy of this Memorandum and Order.

*  *  *

[1] The named defendants are: U.S. Government; the United States (U.S.); U.S. President Joseph R. Biden Jr.; the Biden-Harris Administration; National Institute Of Allergy and Infectious Diseases (NIAID); National Institute of Health (NIH); U.S. Department of Homeland Security; U.S. Department of the Treasury; the City of New York; the State Of New York; Social Security Administration; the Centers for Disease Control and Prevention (CDC); U.S. Department of Health And Human Services (HHS); United States House of Representatives; United States Senate; and Vice President Kamala Harris.

## I. BACKGROUND

### A. *Rivera I* – The 2022 EDNY Case[2]

On February 24, 2022, Rivera, appearing *pro se,* filed a complaint against many of the same federal, state, and local governmental entities named here.[3] *See Rivera v. The United States Government, et al.*, 22-CV-1063 (DG)(MMH) (E.D.N.Y Feb. 24, 2022) (*Rivera I*). Rivera also requested leave to proceed *in forma pauperis*. *Id.* at ECF 2. Rivera subsequently sought to amend his complaint on June 1 and September 28, 2022, incorporating *de minimis* changes.[4]

Rivera's Second Amended Complaint ("SAC") in *Rivera I* included eighteen "Allegations" and invoked various parts of the federal criminal code, Title 18, restraints of trade imports under Title 15, and statutes involving establishment of the U.S. Customs and Border Protection agency, and constitutional violations under Title 28. *See* ECF 7-1 at 3.

The Allegations complained of, in a general manner, a broad spectrum of federal, state, and local governmental decisions, policies on various matters such as free speech and big tech; gun licensing; immigration; voting rights; the COVID-19 pandemic generally and mask mandates, vaccination, and relief payments in particular; overdraft fees and interest rates on credit cards;

---

[2] While *Rivera I* is not before this Court, the Court provides a review of this action to illustrate Rivera's litigatious conduct involving what is substantively the same action now filed in three different venues which has so far evaded any substantive judicial review.

[3] The defendants named in *Rivera I* were: the United State Government; Biden Administration; U.S. President Joseph R. Biden; National Institute Of Allergy and Infectious Diseases (NIAID); National Institute Of Health (NIH); U.S. Department Of Homeland Security; U.S. Department Of The Treasury; Social Security Administration; the State Of New York; the City Of New York; and the Centers For Disease Control And Prevention (CDC).

[4] Rivera's First Amended Complaint in *Rivera I* was nearly identical in appearance and substance to the original complaint, with only slight spacing and numbering adjustments and the following minimal substantive changes: (1) the addition of a paragraph regarding aid to Ukraine, *Id.* at ECF No. 6-1 at 12; and (2) specification that any damages must be paid in physical U.S. Dollars or in 50% gold and 50% silver in specified denominations, *Id.* at 45. The Second Amended Complaint added (1) references to multiple provisions of the United States Code, including the Criminal Code and banking regulations, *Rivera I*, ECF 7-1 at 1, 18, 20, 21, 22, 23, 25, 28, 30, 36; and (2) additional assertions related to Covid-19 vaccination policies and financial support. *Id.* at 24-25, 29-30.

domestic terrorism and Antifa; foreign aid to Ukraine; the Keystone pipeline; the settlement of refugees from Afghanistan; and international negotiations with Iran. ECF 7-1 at 5-36.

It appears, however, that the crux of Rivera's SAC, and his prayer for relief, concerned the Social Security Administration's management of its funds. *Id.* at 45-49. He sought a sum total $42,450,657.16 in damages for nine different purported injuries as well as an order of directing the Social Security Administration ("SSA") to continue to make monthly social security disability payments to him despite his filing of this lawsuit contesting the SSA's management of funds. *See id.*

On September 28, 2022, the Court (Gujarati, J.) reminded Rivera of the jurisdictional requirement of Article III standing and directed him to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. ECF Order dated 9/28/22.

Rivera submitted a responsive letter on October 4, 2022, in which he stated: "Although I haven't received a physical injury from all of the defendants, I had received a form of mental and emotional injury, and financial hardship from others, due to their decisions and bad policies and behaviors . . . " *Id.* at ECF 9 at 1. Rivera alleged that "the behavior, decisions and policies of some of these agencies had, and continues to affect [his] Social Security Disability Insurance benefits" and sent "the social security insurance trust funds into a deeper deficit." *Id.* at 2. He asked the Court to "assist [him] on properly defend[ing] and securing [his] future financial stability . . . in order to have [his] life insured by the old age and disability Social Security Insurance by the Social Security Insurance Trust Funds. . . ." *Id.* at 3. On February 10, 2023, Rivera submitted a proposed Third Amended Complaint. ECF 12. On February 13, 2023, Rivera submitted a notice of voluntary dismissal, and the action was dismissed on February 14, 2023. ECF 13 and ECF Order dated 2/14/2023.

**B. *Rivera II* – 2023 The SDNY Case Transferred to EDNY**

On February 22, 2023—only eight days after noticing his dismissal in the Eastern District—Rivera filed a new complaint in the United States District Court for the Southern District of New York. *Rivera v. United States*, No. 23-CV-1448 (VEC), (S.D.N.Y. Feb. 22, 2023) (ECF 1) (*Rivera II*). Rivera paid the filing fee in that action. On March 7, 2023, the Southern District of New York (Caproni, J.) entered an Order construing the complaint as brought under the Federal Tort Claims Act and 42 U.S.C. §§ 405(g) and 1383(c)(3), among other provisions, and transferred the action to this Court. *Rivera v. United States*, No. 23-CV-1448 (VEC), 2023 WL 2919519, at *1 (S.D.N.Y. Mar. 7, 2023).[5] The case was subsequently transferred to this District on March 7, 2023, and assigned the docket number 1:23-cv-2035.[6] Thus, the case before this Court is still *Rivera II.*

Since then, Rivera has attempted to serve the Defendants in this action but appears to have failed to comply with Rule 4(i), which governs service upon the "United States and Its Agencies, Corporations, Officers, or Employees." FED. R. CIV. P. 4(i). *See, e.g.*, ECF 12 (Order of Magistrate Judge Henry dated 4/17/2023 demanding proof of proper service). While an Assistant United States Attorney has appeared on the docket, the Defendants have yet to be properly served. Perhaps conflating the AUSA's appearance with an acknowledgement of proper service, Rivera has filed multiple motions for contempt and default against the Defendants, which this Court has denied. *See* ECF 31, 34, 35, 38.

[5] Judge Caproni did not address the substantive merits of any allegation or claim contained in the complaint beyond construing the complaint to determine the venue transfer issue. *See generally Rivera v. United States*, No. 23-CV-1448 (VEC), 2023 WL 2919519 (S.D.N.Y. Mar. 7, 2023).

[6] The case was reassigned to the undersigned on July 7, 2023.

## II. DISCUSSION

Article III courts have an independent obligation to determine whether subject matter jurisdiction exists in a given case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court must dismiss an action "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction." S*ee* FED. R. CIV. P. 12(h)(3).[7] Relatedly, any party seeking to invoke the court's jurisdiction must establish that the party has Article III standing to bring suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, (1992) ("The core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

The "irreducible constitutional minimum of standing contains three elements": (1) "the plaintiff must have suffered an injury in fact," *i.e.*, "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (quoting *Lujan,* 504 U.S. at 560–61).

The *Rivera II* complaint was nearly identical to the Third Amended Complaint submitted in *Rivera I*. The complaint here also includes eighteen "Allegations" on various matters such as gun licensing; immigration; voting; the COVID-19 pandemic generally and lockdowns, mask mandates, vaccination, and relief payments in particular; interest rates on credit cards; foreign aid; political activism; the Keystone pipeline; the withdrawal of forces from Afghanistan and the settlement of refugees; the proliferation of telemedicine; and the management of funds received

[7] Thus, while Magistrate Judge Henry issued an order on September 25, 2023, requiring Rivera to show cause as to the jurisdiction of this Court, the Court need not wait until the October 23, 2023 response date to determine whether it has subject matter jurisdiction *ab initio*.

from Social Security Administration payroll taxes. ECF 1 at 4-35. Rivera also lists problems he has faced personally, including a 2004 car accident that left him disabled; his chronic pain and treatment efforts; the Social Security Disability and Medicare benefits he receives; the impact of inflation and his debt payments on his ability to buy food; his feelings of anxiety and lack of confidence in the United States government and its agencies, especially in their ability to pay future Social Security Insurance Benefits; and the decline in his medical services. *Id.* at 36-40. He states that his concerns have led him to "consider[] surrendering his U.S. citizenship and return[ing] to his island to seek his sovereignty." *Id.* at 40.

In this case, Rivera seeks $42,584,129.39 in damages to be paid "in the form of physical U.S. Dollars" or 50% gold and 50% silver in specified denominations based on market value as of the date the complaint was filed. *Id.* at 43, 49. He also requests that his Social Security benefit payments continue as scheduled. *Id.* at 49-50. He asks that "all court fees, legal fees, other fees accrued from this complaint by the plaintiff should be refunded in good faith." *Id.* at 50.

Upon review of the *Rivera II* complaint, Rivera has failed to establish Article III standing. Almost all the allegations involve "impermissible" "generalized grievances" against government actors for various policy decisions. *See* SAC at 42-44 (providing a "Summary" of the 18 Allegations in the complaint and expounding on, *inter alia*, grievances against CDC in connection with vaccine approval; New York state law makers in connection with gun and voting laws; the Social Security Administration and Treasury Department in connection with (mis)management of funds; the President, Department of Homeland Security, and executive branch at large in connection with immigration policies).

It is well-settled that such generalized grievances which affect all members of the governed populace are insufficient to establish standing. *Lujan*, 504 U.S. at 575 (stating that a "generalized

grievance [is] inconsistent with the framework of Article III because the impact on plaintiff is plainly undifferentiated and common to all members of the public.") (internal quotations omitted); *id.* at 576 (where "allegation[s] rais[ing] only the 'generalized interest of all citizens in constitutional governance' ... [are] an inadequate basis on which to grant ... standing"). In fact, the only concrete injuries attaching to Rivera that the Complaint contains is the reference to a 2004 car crash as well as his subsequent difficulties related to taking pain medications, neither of which are causally connected to the Defendants. SAC at 36-37. *See Lujan*, 504 U.S. at 560–61 ("[T]here must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.") (cleaned up). *See Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) ("We have repeatedly held that such a 'generalized grievance,' no matter how sincere, is insufficient to confer standing.") (quoting *Lujan*, 504 U.S. at 573-74).

As Rivera has not established standing, the Complaint must be dismissed.

## III. CONCLUSION

For the foregoing reasons the Complaint is **DISMISSED without prejudice**. Lastly, given Rivera's litigation history and repeated attempts at filing substantively the same complaint in different fora, it is hereby **ORDERED** that further filings made by Rivera in this district involving any of the Defendants named in this action shall be accompanied by a copy of this Memorandum and Order, so that the reviewing judge is made aware of the history of this litigation.

The Clerk is respectfully directed to close this case and mail a copy of this order to the Plaintiff's last known address.

**SO ORDERED**.

___/s/ Orelia E. Merchant__

ORELIA E. MERCHANT
United States District Judge

Dated: October 10, 2023
Brooklyn, New York